# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATORY JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-15261** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC. AND GATEKEEPER SYSTEMS, INC.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Family Dollar Stores of Louisiana, Inc.'s Motion for Summary Judgment (Doc. #45) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Family Dollar Stores of Louisiana, Inc.[1]

On July 19, 2015, Dalton Baham, III was driving a motorcycle north in the center lane of Carrollton Avenue, under the I-10 overpass near Tulane Avenue in New Orleans when he struck a shopping cart that was in the roadway. Baham was ejected from the motorcycle, hit a wall, and died on the scene.

On October 5, 2016, plaintiffs, Latory Jones (Baham's wife), individually and as natural tutrix of her minor child S.J.B. (Baham's daughter), Dalton Baham, IV (Baham's son), and Brandi Payton, as natural tutrix of her minor child B.B.P. (Baham's son), filed this action in the Civil

---

[1] Family Dollar also filed a motion to strike plaintiffs' opposition memorandum. Family Dollar argues that plaintiffs' opposition memorandum should be stricken in its entirety as untimely. Family Dollar also argues that the exhibits attached to plaintiffs' opposition should be stricken because they were not referenced in plaintiffs' initial disclosures and are unauthenticated.

The motion to strike is DENIED. The court granted plaintiffs leave to file the untimely opposition. The affidavits cure the authentication issue and there is no prejudice in plaintiffs' submitting the photographs and website excerpts in connection with the motion for summary judgment.

District Court, Parish of Orleans, State of Louisiana against Family Dollar and Gatekeeper Systems Inc. Plaintiffs allege that Family Dollar owned the shopping cart involved in the accident and that it was negligent for failing properly to maintain its shopping carts. Plaintiffs also allege claims against Family Dollar under Louisiana Civil Code articles 2317, 2317.1 and 2322.

Defendant Gatekeeper sells a shopping cart containment system to equip carts with a special wheel that responds to a radio frequency around the perimeter of the property and locks the wheel if the cart is moved beyond the perimeter. Plaintiffs also allege that Family Dollar had a master service agreement with Gatekeeper to use Gatekeeper's cart containment system on its shopping carts. Plaintiffs allege that the Gatekeeper safety wheel on the subject shopping cart was unreasonably dangerous in design, construction and composition, failed to provide adequate warnings and failed to conform to safety warranties.[2]

Family Dollar filed a motion for summary judgment arguing that plaintiffs cannot prevail on their claims brought under Louisiana Civil Code articles 2317, 2317.1 or 2322, or Louisiana negligence principles. Plaintiffs argue that summary judgment is premature because discovery has not been completed.

## ANALYSIS

**I.**     **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[2] Gatekeeper's liability is not at issue in this motion, but its Motion for Summary Judgment (Doc. #68) is set for hearing on November 29, 2017.

is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II.  Louisiana Civil Code articles 2317 and 2317.1

Family Dollar argues that plaintiffs cannot prevail on their claims brought under Louisiana Civil Code articles 2317 and 2317.1 because there is no evidence that the accident was caused by the ruin, vice or defect of the shopping cart.

3

Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own acts, but for that which is caused by . . . the things which we have in our custody." When the damage is caused by the ruin, vice or defect of a thing, the owner or custodian is liable "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1. Thus, to establish a defendant's liability under Articles 2317 and 2317.1 for harm caused by a thing, a plaintiff must prove: (1) that the defendant either owned or had care, custody, or control of the thing in question; (2) that the thing was a cause-in-fact of the plaintiff's injuries; and, (3) that the thing presented an unreasonable risk of harm. <u>Graubarth v. French Market Corp.</u>, 970 So.2d 660, 663-64 (La. Ct. App. 2007) (citations omitted).

Family Dollar argues in pertinent part that there is no evidence that the accident was caused by the ruin, vice or defect of the shopping cart.[3] Plaintiffs argue that summary judgment is premature because there are outstanding discovery requests regarding the manufacturer and models of Family Dollar's shopping carts in Orleans and Jefferson Parishes and Family Dollar's cart containment policies, and whether those policies complied with Gatekeeper's suggestions for the use of its product.

There is no contention that the shopping cart itself exhibited any ruin, vice or defect that caused the accident. Without ruin, vice or defect, Louisiana Civil Code articles 2317 and 2317.1

---

[3] Family Dollar and plaintiffs make many arguments regarding whether the shopping cart in question belonged to Family Dollar. However, the ownership of the shopping cart is immaterial to this motion for summary judgment.

4

do not apply. Family Dollar's motion for summary judgment on plaintiffs' claims made pursuant to Louisiana Civil Code articles 2317 and 2317.1 is GRANTED, and those claims are DISMISSED.

### III. Louisiana Civil Code article 2322

Family Dollar argues that plaintiffs cannot prevail on their claims brought under Louisiana Civil Code article 2322 because the shopping cart is not an item contemplated by the statute.

Family Dollar argues that Article 2322 is inapplicable because the shopping cart in question is a movable object, not a building or something attached to a building. Plaintiffs argue that there is a genuine issue of material fact regarding whether the shopping cart is an appurtenance of the building. Plaintiffs contend that the Gatekeeper wheel lock system transformed the shopping cart into an appurtenance of the building because the shopping cart should have been confined to the parking lot, thus becoming "attached" to the building.

Louisiana Civil Code article 2322 provides that:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The Supreme Court of Louisiana held that "'necessary appurtenances to structures and movables made immovable by attachment, which are defective or have fallen into ruin, also may be included within the term 'building' for purposes of the building owner's delictual responsibility under Article 2322.'" Broussard v. State of La., through the Office of State Buildings, 113 So.3d 175, 182 (La.

2013) (quoting Olsen v. Shell Oil Co., 365 So.2d 1285, 1291 (La. 1978); citing Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law §14.06, pp 14.16-14.17 (2004 ed. Supp. 2012)).

There is no contention that the shopping cart itself exhibited any ruin or defect that caused the accident. Without a ruin or defect, Louisiana Civil Code article 2322 does not apply whether or not the object is an appurtenance of the building. Family Dollar's motion for summary judgment is GRANTED as to plaintiffs' claims under Article 2322, and those claims are DISMISSED.

## IV. Negligence

Family Dollar argues that plaintiffs' negligence claims against it should be dismissed because Family Dollar did not owe the decedent a duty with respect to the shopping cart's being in the roadway. Plaintiffs argue that Family Dollar failed to prevent the shopping cart from entering the roadway, which was a cause-in-fact of the collision.

Louisiana Civil Code article 2315 provides that "[e]very act of man that causes damage to another obliges him by whose fault it happened to repair it." "[N]egligence is defined as conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm." Dobson v. La. Power and Light Co., 567 So.2d 569, 574 (La. 1990). Louisiana courts employ a duty-risk analysis to determine whether to impose liability under Article 2315. Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citing Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La. 1994)). Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal

6

cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Id. (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Mathieu, 646 So.2d at 321.

The Supreme Court of Louisiana has explained the principles for determining the existence of a legal duty:

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Meany v. Meany, 94–0251, p. 6 (La. 7/5/94), 639 So.2d 229, 233. Whether a duty is owed is a question of law. Peterson v. Gibraltar Savings and Loan, 98–1601, 98–1609, p. 7 (La. 5/18/99), 733 So.2d 1198, 1204; Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La. 1993); Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289, 292 (La. 1993). In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. See Socorro v. City of New Orleans, 579 So.2d 931, 938 (La. 1991). The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty. Faucheaux, 615 So.2d at 292; Perkins, 98–2081 at 22, 756 So.2d at 404.

Lemann, 923 So.2d at 633.

In Meany, 639 So.2d at 233, the Supreme Court of Louisiana discussed the policy considerations for determining whether the law imposes a duty under the particular facts of a case:

> When a plaintiff articulates a general rule or principle of law that protects his interests, it is necessary for the court to determine whether the rule is intended to protect him from the particular harm alleged, an inquiry which involves both the duty and causation elements of the negligence formulation. The court must make a policy determination in light of the unique facts of the case. Thus, the duty-risk analysis requires the court to take into account the conduct of each party as well as the particular circumstances of the case. Socorro v. City of New Orleans, 579 So.2d 931, 938 (La. 1991). In determining whether to impose a duty in a particular situation, the

7

> court may consider various moral, social, and economic factors, including whether the imposition of a duty would result in an unmanageable flow of litigation; the ease of association between the plaintiff's harm and the defendant's conduct; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant's activity; moral considerations, particularly victim fault; and precedent as well as the direction in which society and its institutions are evolving. Pitre v. Opelousas General Hospital, 530 So.2d 1151, 1161 (La. 1988); William E. Crow, The Anatomy of a Tort, 22 Loy. L.Rev. 903 (1976).

Finding a duty is dependent upon the "facts and circumstances of the case and the relationship of the parties." Fox v. Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll., 576 So.2d 978, 981 (La. 1991).

Plaintiffs argue that retailers have a duty under the general principles of tort law to ensure that their shopping carts remain on their property. In Dominici v. Wal-Mart Stores, Inc., 606 So.2d 555 (La. Ct. App. 1992), the plaintiff was driving his car at night during a rain storm on a highway in front of a Wal-Mart. Id. at 556. When Dominici approached an intersection, the right front side of his vehicle struck a shopping cart, he lost control of the car and hit a tree. Id. at 557. Dominici sued Wal-Mart alleging that it was negligent in its care for its shopping carts. Id. at 558. The court found that there was "no statutory or jurisprudential requirement that Wal-Mart chain or lock the carts kept outside the store." Id. at 559. However, the court held that Wal-Mart still had a duty "not to create an unreasonable risk of harm with its shopping carts to motorists using the adjacent streets[,]" because the presence of a shopping cart "on or adjacent to a heavily traveled highway poses a risk of harm that is certainly unreasonable." Id. The court also noted that for liability to be imposed, the duty that was allegedly breached must encompass the risk encountered. Id.; see also Dunne v. Orleans Parish Sch. Bd., 463 So.2d 1267, 1268 (La. 1985) (". . . the court must also

determine what was the duty imposed on the defendant and whether the risk which caused the accident was within the scope of the duty.").

The Supreme Court of Louisiana has held that liability can be imposed only if the risk at issue falls within the scope of the duty:

> The scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Rules of conduct are designed to protect some persons under some circumstances against some risks. Gresham v. Davenport, 537 So.2d 1144, 1147 (La. 1989); Malone, Ruminations on Cause-in-Fact, 9 Stan.L.Rev. 60, 73 (1956). The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Crowe, The Anatomy of a Tort-Greenian, As Interpreted by Crowe Who Has Been Influenced by Malone – A Primer, 22 Loy.L.Rev. 903 (1976). In determining the limitation to be placed on liability for defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to plaintiff can be associated with the duty to be enforced. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620, 622 (1972).

Faucheaux, 615 So.2d at 293-94.

Pursuant to Dominici, retailers have a duty to ensure that their shopping carts do not create an unreasonable risk of harm to motorists using the streets adjacent to the store. In Dominici, the accident occurred during a storm right in front of the Wal-Mart that owned the offending shopping cart. It is reasonable to assume that the wind from the storm blew the cart into the busy roadway, and that the retailer's duty reasonably to maintain its premises included the risk that a cart blown out of the parking lot into the roadway could cause a motorist harm. In this case, the accident did not

occur adjacent to a Family Dollar store, and the shopping cart's presence in the roadway was not caused by a storm, but rather was removed by a third party and left in the roadway.[4]

This case is analogous to <u>Knicely v. ZYX Ins. Co.</u>, 997 So.2d 8, 9 (La. Ct. App. 2008), where Lyndell Scott stole a 1997 Chevrolet Tahoe from the defendant, Waller-Singer Chevrolet, Inc., a car dealership. The Tahoe was parked outside of the vehicle line, with the doors unlocked and keys in it. <u>Id.</u> While driving the stolen vehicle, Scott caused an accident with a vehicle driven by Kathryn Reddell Knicely. <u>Id.</u> Kathryn's mother, Dorris Kathryn Knicely, who was a passenger in Kathryn's vehicle, died as a result of the accident. <u>Id.</u> Plaintiffs, Dorris's children and the administrator of her succession, sued Waller-Singer Chevrolet alleging that its negligence in leaving the keys in the Tahoe while the doors were unlocked was a legal cause of the accident. <u>Id.</u> Plaintiffs alleged that the dealership experienced prior thefts and was aware of the risk that someone might steal a vehicle from the lot. <u>Id.</u>

Waller-Singer Chevrolet moved for summary judgment arguing that it was not responsible for the injuries and damages caused by Scott's criminal actions. <u>Id.</u> at 12. The court applied the duty-risk analysis and found that, even if it assumed that the dealership had a duty to lock the vehicle, that duty "did not include within its scope of protection the risk resulting from Scott's theft and recklessness." <u>Id.</u> In reaching this conclusion, the court quoted <u>Hill v. Lundin & Associates, Inc.</u>, 256 So.2d 620, 622 (La. 1972), in which the Supreme Court of Louisiana held that "[a]lthough the defendant would owe a duty to protect certain persons under certain circumstances from this risk,

---

[4] At oral argument, both the Family Dollar and the plaintiffs argued that the offending shopping cart was removed from a Family Dollar store, or other retail establishment, by a third-party and left in the roadway.

it is not an insurer against every risk of harm which is encountered in connection with the" object that caused the damage in that case.

Although a retailer has a duty reasonably to maintain its premises, the scope of that duty does not encompass ensuring that a third-party does not remove a shopping cart from the premises and abandon it so that the shopping cart ultimately becomes an obstruction on a distant roadway. The risk of a shopping cart being left in a distant roadway by a third-party who unlawfully removes it from the premises is outside of the scope of the retailer's duty reasonably to maintain its premises. Family Dollar's motion for summary judgment is GRANTED, and plaintiffs' claims against it are DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Family Dollar Stores of Louisiana, Inc.'s Motion for Summary Judgment (Doc. #45) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED**.

New Orleans, Louisiana, this \_\_9th\_\_ day of November, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**