# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATORY JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-15261** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC. AND GATEKEEPER SYSTEMS, INC.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Gatekeeper Systems, Inc.'s Motion for Summary Judgment (Doc. #68) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Gatekeeper Systems, Inc.

On July 19, 2015, Dalton Baham, III was driving a motorcycle north in the center lane of Carrollton Avenue, under the I-10 overpass near Tulane Avenue in New Orleans when he struck a shopping cart that was in the roadway. Baham was ejected from the motorcycle, hit a wall, and died on the scene.

On October 5, 2016, plaintiffs, Latory Jones (Baham's wife), individually and as natural tutrix of her minor child S.J.B. (Baham's daughter), Dalton Baham, IV (Baham's son), and Brandi Payton, as natural tutrix of her minor child B.B.P. (Baham's son), filed this action in the Civil District Court, Parish of Orleans, State of Louisiana against Family Dollar Stores, Inc. and Gatekeeper. Gatekeeper sells a shopping cart containment system to equip carts with a special wheel that responds to a radio frequency around the perimeter of the property and locks the wheel if the cart is moved beyond the perimeter. Plaintiffs allege that Family Dollar had a master service agreement with Gatekeeper to use Gatekeeper's cart containment system on its shopping carts.

Plaintiffs allege that Gatekeeper is liable for the accident under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq.*, because the Gatekeeper wheel on the subject shopping cart was unreasonably dangerous in design, construction and composition, failed to provide adequate warnings and failed to conform to safety warranties.[1]

Gatekeeper filed a motion for summary judgment arguing that it is not liable under the LPLA because there is no evidence that the accident was proximately caused by an unreasonably dangerous condition of the Gatekeeper wheel in construction or composition, design, inadequate warning, or not conforming to an express warranty. Plaintiffs argue that Gatekeeper is liable under the LPLA because the Gatekeeper wheel was unreasonably dangerous in design for failing to incorporate reflective tape that would have made it more visible at night.

## ANALYSIS

**I.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the

---

[1] Plaintiffs alleged that Family Dollar owned the shopping cart involved in the accident and that it was negligent for failing properly to maintain its shopping carts. Plaintiffs also alleged claims against Family Dollar under Louisiana Civil Code articles 2317, 2317.1 and 2322. This court granted Family Dollar's motion for summary judgment finding that it is liable under Articles 2317, 2317.1 or 2322 or for negligence because ensuring that a third-party does not remove a shopping cart from the premises and abandon it so that the shopping cart ultimately becomes an obstruction on a distant roadway is not within the scope of a retailer's duty reasonably to maintain its premises.

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## II. Louisiana Products Liability Act

Gatekeeper argues that plaintiffs cannot prevail on their claims brought under the LPLA because there is no evidence that an unreasonably dangerous condition of the Gatekeeper wheel was the proximate cause of the accident.

The LPLA "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. Rev. Stat. § 9:2800.52. Under the LPLA, a manufacturer of a product is "liable to a claimant for damage proximately caused by a characteristic of the product that renders

3

the product unreasonably dangerous when the damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." Id. at § 9:2800.54. To prevail on a LPLA claim, a plaintiff must prove: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1251 (5th Cir. 1997) (citing generally J. Kennedy, A Primer on the Louisiana Products Liability Act, 49 La. L.Rev. 565 (1989)); La. Rev. Stat. § 9:2800.54.

Louisiana Revised Statute § 9:2800.54 state that the product must be unreasonably dangerous only under one of four theories:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) The product is unreasonably dangerous because of inadequate warning as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[2]

La. Rev. Stat. § 9:2800.54(B)(1-4). Plaintiffs argue that the accident was proximately caused by the unreasonably dangerous design of the Gatekeeper wheel because it did not have reflective tape which would have made it more visible at night.[2]

---

[2] Plaintiffs do not argue that the Gatekeeper wheel was unreasonably dangerous in construction or composition for providing an inadequate warning or for failing to conform to an express warranty. Under the LPLA:

4

The LPLA utilizes Louisiana's duty-risk approach to proximate causation. J. Kennedy, <u>A Primer on the Louisiana Products Liability Act</u>, 49 La. L.Rev. 565, 583 n. 88 (1989) ("The LPLA does not change the duty/risk analysis of proximate cause"). The Supreme Court of Louisiana has held that liability can be imposed only if the risk at issue falls within the scope of the duty:

> The scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Rules of conduct are designed to protect some persons under some circumstances against some risks. <u>Gresham v. Davenport</u>, 537 So.2d 1144, 1147 (La. 1989); Malone, <u>Ruminations on Cause-in-Fact</u>, 9 Stan.L.Rev. 60, 73 (1956). The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Crowe, <u>The Anatomy of a Tort-Greenian, As Interpreted by Crowe Who Has Been Influenced by Malone – A Primer</u>, 22 Loy.L.Rev. 903 (1976). In determining the limitation to be placed on liability for defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to plaintiff can be associated with the duty to be enforced. <u>Hill v. Lundin & Associates, Inc.</u>, 260 La. 542, 256 So.2d 620, 622 (1972).

<u>Faucheaux v. Terrebonne Consol. Gov't</u>, 615 So.2d 289, 293-94 (La. 1993).

Gatekeeper has a duty to design its cart containment system to be reasonably safe in normal use. The Gatekeeper system is used to prevent shopping carts from leaving a retailer's premises.

---

> A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>
> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. Rev. Stat. § 9:2800.56.

Plaintiffs argue that the Gatekeeper system was unreasonably dangerous because the Gatekeeper wheel lacked reflective tape to make it more visible if the shopping cart to which it is attached is left unattended in a roadway by a third-party. Gatekeeper's product is intended to prevent shopping carts from being removed from the retailer's premises. Making a shopping cart more visible in case it is removed from the retailer's premises is not within the scope of Gatekeeper's duty to provide a system that is reasonably safe in normal use. Gatekeeper's motion for summary judgment is GRANTED, and plaintiffs' claims against it are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Gatekeeper Systems, Inc.'s Motion for Summary Judgment (Doc. #68) is **GRANTED**, and plaintiffs' claims against it are **DISMISSED**.

New Orleans, Louisiana, this 30th day of November, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**